**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4638**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLTON ROY HUGHES, a/k/a Coogi,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00176-D-1)

Submitted:  July 27, 2020                             Decided:  August 20, 2020

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Roy Hughes pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2018). On appeal, Hughes' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court accurately calculated Hughes' advisory Sentencing Guidelines range. Although notified of his right to file a pro se supplemental brief, Hughes has not done so. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2018) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Hughes' counsel questions whether the district court attributed the correct drug weight to Hughes at sentencing. "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal

2

quotation marks omitted). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue," and the waived issue "is not reviewable on appeal, even for plain error." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted).

We conclude that, because Hughes abandoned his objections to the PSR, he has waived appellate review of his challenge to the drug weight. Furthermore, the district court provided an individualized assessment of the facts before it, responded to counsel's nonfrivolous arguments, and properly calculated Hughes' advisory Guidelines range. Accordingly, Hughes' sentence is procedurally reasonable.

As there is no "significant procedural error," we next evaluate the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range. That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted). Hughes' sentence falls within the properly calculated advisory Guidelines range of 120 to 150 months in prison, and Hughes has failed to rebut the presumption of substantive reasonableness.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. At this juncture, we deny counsel's motion to withdraw. This court requires that counsel inform Hughes, in writing, of the right to petition the Supreme Court of the United States

3

for further review. If Hughes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hughes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*